UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

KY VAN NGUYEN,

                Petitioner,

                v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security, et al.,

                Respondents.

Case No. 5:26-cv-02134-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEDURAL HISTORY**

On April 25, 2026, petitioner Ky Van Nguyen ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 4), accompanied by the supporting Declaration of Stacy Tolchin with nine attached exhibits (Docket No. 3).

On April 27, 2026, Petitioner's counsel filed a supporting Supplemental Declaration with two attached exhibits.  (Docket No. 7).

///

///

1

On May 6, 2026 (pursuant to General Order 26-05, see Docket No. 9), Respondents filed an Answer to the Petition ("Answer"), stating that: "Respondents are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter."  (Docket No. 12 at 2).[1]

On May 6, 2026, Petitioner filed a Reply.  (Docket No. 13).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of Vietnam.  (Petition at ¶¶ 2, 11, 17; Docket No. 7 at 4 (¶ 3)).  In 1988, Petitioner entered the United States as a refugee.  (Petition at ¶ 18; Docket No. 7 at 4 (¶ 3)).  On an unidentified date, Petitioner became a permanent resident.  (Petition at ¶¶ 2, 17; Docket No. 7 at 4 (¶ 3).

In 1997, when Petitioner was 21 years-old, Petitioner was convicted of assault with a firearm, and was sentenced to four years in prison.  (Petition at ¶ 18; Docket No. 7 at 4 (¶ 4); see Docket No. 3 at 55-58).  Petitioner also was convicted of robbery, and was sentenced to one year in prison.  (Petition at ¶ 18; Docket No. 7 at 4 (¶ 4): see Docket No. 3 at 39-40).  As a result of the convictions, Petitioner was detained and placed into removal proceedings.  (Petition at ¶ 19; Docket No. 7 at 4 (¶ 5)).  On June 10, 2020, an immigration judge ordered Petitioner removed.  (Petition at ¶¶ 2, 19; Docket No. 7 at 4 (¶ 5)).

/ / /

---

[1]    For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

Since Petitioner could not be removed to Vietnam, on September 14, 2010, Petitioner was released from custody and placed on an order of supervision ("OSUP"). (Petition at ¶¶ 3, 20; Docket No. 7 at 4 (¶ 6); see Docket No. 3 at 10-15). For more than 15 years, Petitioner reported regularly on the OSUP as required and did not violate the terms of the OSUP. (Petition at ¶¶ 4, 21-22, 25; Docket No. 3 at 17-18; Docket No. 7 at 4 (¶¶ 7-8)). During that time, Petitioner had a work permit and worked as a trucker. (Docket No. 7 at 4 (¶ 8); Petition at ¶ 25). On April 17, 2026, when Petitioner went to appear for his regularly scheduled check-in appointment, he was detained by Immigration and Customs Enforcement ("ICE"). (Petition at ¶¶ 1, 5, 23; Docket No. 7 at 4 (¶¶ 1, 9)). When Petitioner was taken into custody, he was not given any paperwork. (Docket No. 7 at 5 (¶ 11)).

Petitioner has a child, a United States citizen, is raising his partner's child, a United States Citizen, and has siblings who are United States citizens. (Petition at ¶ 25; Docket No. 7 at 5 (¶ 12)). Petitioner's detention is causing great emotional hardship to Petitioner and his family. (Petition at ¶ 26; Docket No. 7 at 5 (¶ 13)).

Petitioner is being detained at the Adelanto Ice Processing Center in Adelanto, California. (Petition at ¶ 1; Docket No. 3 at 5; Docket No. 7 at 4 (¶ 1)).

## III.

## PETITIONER'S CLAIMS

The Petition raises the following claims for habeas relief: Petitioner's redetention violated 8 C.F.R. §§ 241.4(l) and 241.13(i)(2) and Petitioner's right to due process because ICE did not disclose the changed circumstances showing that his removal is reasonably foreseeable. (Petition at 5-6).

/ / /

/ / /

/ / /

3

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A.    Petitioner is Entitled to Habeas Relief.

Given Respondents' election not to oppose the Petition, the Court finds that Respondents consent to the arguments raised in the Petition pursuant to Central District of California Local Civil Rule ("Local Rule") 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[2]

---

[2]    Respondents' non-opposition, in itself, can serve as a basis to grant the Petition. See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM; Docket No. 14 at 2 (citing cases).

4

1. <u>Relevant Legal Authority</u>.

ICE may revoke release when a noncitizen violates a condition of his or her OSUP. 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(1). When ICE revokes an OSUP, ICE is required to provide (1) notice of the reasons for revocation, and (2) an "informal interview promptly after his or return to [ICE] custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).[3] ICE also may revoke release when, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

"It is a well-known maxim that agencies must comply with their own regulations." <u>United States v. Ramos</u>, 623 F.3d 672, 683 (9th Cir. 2010); <u>see also</u> <u>Delkash v. Noem</u>, Case No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) ("It is well-established that government agencies are required to follow their own regulations.") (citing <u>United States ex rel Accardi v.</u> <u>Shaughnessy</u>, 347 U.S. 260, 268 (1954)). "Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" <u>Gutierrez v. Noem</u>, Case No. 5:25-cv-02668-DOC-RAO, 2025 WL 3247769, at *4 (C.D. Cal. Oct. 31, 2025) (citation omitted); <u>see also</u> <u>Delkash v.</u> <u>Noem</u>, Case No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) ("A growing number of courts have unequivocally found that the government's failure to follow its release revocation procedures—in particular the failure to give a detainee the required notice and interview—renders the redetention

---

[3] Petitioner does not allege that he was not provided an informal interview upon his return to custody.

5

unlawful. . . .   These procedures are not optional or discretionary; they must be followed, and failure to do so renders the detention unlawful.") (internal citations omitted).

2    Analysis.

Petitioner alleges that when he was taken into ICE custody, he was not provided any reasons for the revocation of his OSUP, and he was not informed of changed circumstances showing that his removal is reasonably foreseeable. (Petition at 5-6; Docket No. 7 at 5 (¶ 11)).  Since Respondents do not oppose the Petition, there is no evidence to dispute Petitioner's contention that ICE violated 8 C.F.R. §§ 241.13(i)(2) and 241.4(l).

Therefore, the Court finds that the Petition should be granted with respect to Petitioner's claim that ICE violated federal law when it (1) failed to provide Petitioner with notice of any lawful basis for the revocation of his OSUP (which he apparently had complied with since 2010), and (2) failed to articulate or identify any lawful "changed circumstances" which would justify Petitioner's redetention, including the specific nature of any violation of his OSUP or any articulable plan, process or documentation which would indicate a significant likelihood that Petitioner would be removed in the reasonably foreseeable future.

## VI.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, subject to the terms of his 2010 OSUP, and the return of all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from

6

redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: _____May 20, 2026_____    _____

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE